IN THE SUPERIOR COURT FOR THE STATE OF ALASKA
THIRD JUDICIAL DISTRICT AT ANCHORAGE

| | |
|---|---|
| JOSEF F. BOEHM, | ) NOTICE OF FILING NOTICE |
| | ) OF REMOVAL |
| Plaintiff, | ) |
| | ) Case No. 3AN-10-7292CI |
| vs. | ) |
| | ) |
| DAVID KENNER, and | ) |
| THE KENNER LAW FIRM, APC, | ) |
| | ) |
| | ) |
| Defendants. | ) |

PLEASE TAKE NOTICE that Defendants, David Kenner and The Kenner Law Firm, APC, pursuant to 28 U.S.C§§1332, 1441 and 1446, hereby state that they have filed a Notice of Removal of this action effective May 19, 2010 with the United States District Court for the District of Alaska and have served all counsel of record with a copy of the Notice of Removal.

A copy of the Notice of Removal is attached hereto as Exhibit "A".

Dated: May 19, 2010.

Respectfully submitted,

By: /s/ Ronald A. Offret
Ronald Offret, Bar #7410096
733 West 4th Avenue, Suite 206
Anchorage, AK 99501
PH: 907-279-8657
FAX: 907-279-8657

Aglietti, Offret
& Woofter

733 W 4th Avenue
Suite 206
Anchorage, Alaska
99501

(907) 279-8657
FAX 279-5534

Exhibit A
Page 1 of 13 Pages

## CERTIFICATE OF SERVICE

**IT IS HEREBY CERTIFIED** that a. true and correct copy of the foregoing and attachments were **mailed to:**

W, Sherman Ernouf
Ernouf & Coffey, P.C.
Attorneys for Plaintiff Boehm
3606 Rhone Circle
Suite 110
Anchorage, Alaska 99508
Fax: (907) 274-4258

By: *[signature]* Ronald A. Offret

Dated: May 19, 2010

**Agiletti, Offret & Woofter**

733 W 4th Avenue
Suite 206
Anchorage, Alaska
99501

(907) 279-8657
FAX 279-5534

## IN THE SUPERIOR COURT FOR THE STATE OF ALASKA
## THIRD JUDICIAL DISTRICT AT ANCHORAGE

JOSEF F. BOEHM,  )
    Plaintiff,  )
    )
vs.  )
    )
DAVID KENNER and  )
THE KENNER LAW FIRM, APC  )
    )
    Defendant.  )
    )  Case No. 3AN-10-7292CI

## COMPLAINT

COMES NOW, by and through his counsel The Law Offices of Ernouf & Coffey, P.C., Josef F. Boehm, and for cause of action against the Defendants, alleges and states as follows:

### BACKGROUND

1) Josef F. Boehm maintains permanent legal residence at 2192 Viking Drive, Anchorage, Alaska 99501.

2) The Kenner Law Firm, APC, maintains a legal business at 16633 Ventura Blvd #800, Encino, California 91436.

3) David Kenner practices law and maintains a business presence at 16633 Ventura Blvd., #800, Encino, California 91436.

4) On or about May 6, 2006, Plaintiff entered into an "Agreement for Legal Services", Exhibit A, with Defendants which required Defendant David Kenner to perform legal services as to: a) Criminal case No. A04-003CR (JWS);

1

Exhibit A
Page 3 of 13 Pages

b) all post conviction relief with respect to the filing of habeas corpus civil litigation under 28USG2255 and necessary appeals; and c) all related civil litigations arising from alleged "victims" claims for damages.

## COUNT I.

## BREACH OF CONTRACT

Plaintiff for first cause of action against Defendant adopts paragraphs 1-4 above as fully as if set forth in their entirety and further mentions::

5) Defendant Kenner represented that he had extensive prior experience in representing clients in criminal cases involving the same laws and/or statutes Plaintiff was accused of violating and in the civil claims arising from these charges.

6) Defendant Kenner assured Plaintiff that he personally would prepare all necessary motions and would personally conduct all negotiations between the parties in these cases.

7) Plaintiff relied on Defendant Kenner's personal assurances and representations as to his personal involvement and as such Plaintiff agreed to the terms of the agreement provided by Kenner to Plaintiff.

8) Defendant Kenner and his corporate entity breached the agreement between the parties in the following ways:

a) failed to conduct an agreed upon investigation including failure to interview and depose numbers Government witnesses, adverse witnesses, and potential defense witnesses expressly requested by Plaintiff and agreed to by Defendants.

LAW OFFICES OF
EBBOUT & COFFEY
A Professional
Corporation

3605 Rhone Circle
Suite 110
Anchorage, Alaska 99508

Phone: (907) 274-3336
Fax: (907) 274-4236

b) failed to meet court imposed deadlines and failed to file court pleadings and motions in correct form as required by local rules.

c) collected $40,000.00 from Plaintiff in advance of the signing of Exhibit A for alleged document review, subsequently misrepresented the posture of both Plaintiff's criminal and civil cases including what issues would be raised so as to secure Plaintiff's assent to the contract, and then failed to credit the prior payment against Plaintiff's outstanding bill.

d) failed to communicate with, return calls from, answer correspondence from Plaintiff and otherwise failed to be present at the Kenner Law Firm for extended periods (months) of time.

e) waited until the last minute prior to the expiration of the unextendable deadline to prepare a necessary motion under 28 U.S.C. 2255 and did so without examining necessary court documents and records.

f) lied to Plaintiff about the posture and meaning of a "partial" summary judgment imposed in the civil case of Sally C. Purser.

g) further, despite having received an initial payment of $340,000.00 Defendants failed and refused to commence and perform basic, necessary discovery functions in both criminal and civil actions until an additional $250,000.00 was paid, thus, placing Plaintiff at extreme disadvantage in the litigation.

LAW OFFICES OF
BROOM & COFFEY
A Professional
Corporation

2606 Rhone Circle
Suite 110
Anchorage, Alaska 99508

Phone: (907) 274-5265
Fax: (907) 274-4265

9) As a direct result of Defendants' breach of the agreement between the parties, Plaintiff has been damaged in an amount exceeding $1,040,000.00 U.S. dollars to including interest, costs, and attorney's fees to be proven at trial.

## COUNT II.

### NEGLIGENCE: PROFESSIONAL MALPRACTICE

Plaintiff for second cause of action against Defendants adopts paragraphs 1-9 above as fully as if set forth in their entirety and further mentions:

10) Defendants are licensed attorneys within the State of California and/or other jurisdictions within the United States.

11) Defendants agreed to perform legal services within the State of Alaska in Federal and State Court on Plaintiff's behalf and thereby are subject to the Alaska Rules of Professional Conduct.

12) Defendants were employed by Plaintiff in their professional capacity as attorneys.

13) As such, Defendants had a duty to Plaintiff to perform such duties in a reasonable and professional manner.

14) Defendants breached their duty owed to Plaintiff as enunciated in Paragraphs 1-9 above.

15) Defendants breach of their duty to Plaintiff as his attorneys in fact have cause Plaintiff significant damages including the Plaintiff's continued incarceration.

## COUNT III.

## FRAUD

Plaintiff for third cause of action against Defendants adopts paragraphs 1-15 above as fully as if set forth in their entirety and further mentions:

16) Defendants solicited Plaintiff's business and contractual agreement based upon false misrepresentations of material fact as to the scope of their future representation, such representations were relied upon by Plaintiff to the extent that he paid Defendants over $1,040,000 for legal work that was never performed.

17) Plaintiff suffered losses in an amount exceeding $1,040,000.00 as a direct result of Defendants' intentional misrepresentation of material facts upon which Plaintiff relied to his detriment.

## COUNT IV

## FRAUD IN THE INDUCEMENT

Plaintiff for fourth cause of action against Defendants adopts paragraphs 1-17 above as fully as if set forth in their entirety and further mentions:

18) Defendants fraudulently solicited and induced the Plaintiff to assent to the terms of the contract between the parties which absent such fraud by the Defendants, Plaintiff never would have assented

LAW OFFICES OF
ERROUF & COFFEY
A Professional
Corporation

3406 Plaza Circle
Suite 110
Anchorage, Alaska 99503

Phone: (907) 274-3306
Fax: (907) 274-4363

5

19) Defendants made false representation of material facts, knowing that such communications with Plaintiff were false for the purpose of inducing Plaintiff to act and enter into a written contract. See Exhibit A.

20) Defendants offered to review Plaintiff's various case documents and then advised him after receiving the sum of $40,000.00, that they could and would raise and argue the issue of ineffective representation by prior counsel via a motion under 28 U.S.C. 2255; however, after inducing Plaintiff's signature on the agreement and receiving $1,000.000.00 in fees, Defendants failed to perform and refused to adequately argue the issues promised prior to payment.

21) Further, that after allegedly reviewing Plaintiff's prior court case documents at a cost of $40,000.00, paid in advance, Defendants suggested and agreed to interview and depose numerous witnesses prior to entering into settlement negotiations as to civil claims, but wholly failed to conduct the agreed upon investigations even though Defendants received fee payment in excess of $1,000,000.00.

22) Defendant's misrepresentations induced his signature to the agreement between the parties.

23) Defendants' promised much to Plaintiff, delivered little, and so prejudiced the Plaintiff that he was in effect later forced to compromise legal claims because those attorneys substantially failed to prepare for civil trials and had to be replaced by other counsel.

LAW OFFICES OF
BROUT & COFFEY
A Professional
Corporation

3406 Rhone Circle
Suite 110
Anchorage, Alaska 99503

Phone: (907) 274-5666
Fax: (907) 274-4388

24) As a result of Defendants knowing fraud and misrepresentation, Plaintiff was compelled to pay Defendant more than $1,040,000.00 for services that were never rendered.

25) Defendants fraud and misrepresentation of material facts are especially egregious due to the fiduciary relationship between the parties and merit an award of punitive damages in an amount to proven at trial.

## COUNT V

## UNJUST ENRICHMENT

Plaintiff for fifth cause of action against Defendants adopts paragraphs 1-25 above as fully as if set forth in their entirety and further mentions:

26) That there exists between the parties a failure and inadequacy of consideration in that although Plaintiff performed via full payment, Defendants failed to perform their obligations in violation of the basic underlying substance of the parties agreement.

27) That the inadequacy of consideration is material and arises from Defendants' non-performance of the agreement, Exhibit A.

28) Defendants' failures to perform serve to totally defeat the original objectives of the contract and have unjustly enriched Defendant.

29) Even after Plaintiff's payment of over $1,040,000.00, Defendants failed to actively participate in timely fashion in the progress and development of Plaintiffs' post conviction and habeas corpus claims, and his civil litigation lawsuits.

30) Defendants fraudulent and bad-faith failure to perform in their representation of Plaintiff have unjustly enriched Defendants and are a clear breach of Plaintiff's rights under the contract.

Wherefore, Plaintiff moves that the contract be voided, a decree of rescission entered, judgment granted in an amount exceeding $1,040,000.00 plus all applicable costs, interest, and attorneys fees.

## COUNT VI

## BREACH OF THE IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING

Plaintiff for sixth cause of action against Defendants adopts paragraphs 1-30 above as fully as if set forth in their entirety and further mentions:

31) That he adopt by reference Counts I-IV, paragraphs 1-26 as full as if set forth in their entirety.

32) Defendants breached their fiduciary obligation of fair dealing in that Plaintiff relied upon the superior knowledge of Defendants and placed confidence in Defendants to act in his best interest and not act against his welfare.

33) That Defendants took unfair advantage in the transactions between the parties by using the fiduciary relationship to exert overmastering influence over Plaintiff in violation of the trust justifiably reposed in Defendants in order to receive an unnatural disposition from Plaintiff.

34) The Plaintiff has been damaged by Defendants' abuse of the fiduciary relationship between the parties in the amount of $1,040,000.00 and Defendants unjustly enriched in the amount of $1,040,000.00.

35) That the deception employed by Defendants merits a jury finding of punitive damages in the amount of $3,120,000.00 in order to deter similar future misconduct by the attorney and his corporate entity.

Wherefore, Plaintiff requests judgment in an amount exceeding $1,040,000.00, punitive damages in an amount set by the jury in a sum exceeding $3,040,000.00, reasonable attorney's fees, all applicable interest, and the cost of bringing this action.

DATED at Anchorage, Alaska this 6th day of May 2010.

ERNOUF & COFFEY, P.C.
Attorneys for Plaintiff Boehm

W. Sherman Ernouf
Alaska Bar # 9806026

LAW OFFICES OF
ERNOUF & COFFEY
A Professional
Corporation

2404 Rhone Circle
Suite 110
Anchorage, Alaska 99508

Phone: (907) 274-8888
Fax: (907) 274-4258

IN THE SUPERIOR COURT FOR THE STATE OF ALASKA
THIRD JUDICIAL DISTRICT AT ANCHORAGE

JOSEF F. BOEHM )
      Plaintiff, )
)
vs. )
)
DAVID KENNER and )
THE KENNER LAW FIRM, APC )
)
      Defendant. )
                                        ) Case No. _____

## REQUEST FOR JURY TRIAL

COMES NOW the Plaintiff, Josef F. Boehm, by and through its attorneys of record, the Law Offices of Ernouf & Coffey, P.C. and pursuant to Rule 38 of the Rules of Civil Procedure, hereby demands a trial by jury on all issues presented by Plaintiff's Complaint.

DATED at Anchorage, Alaska this 6th day of May 2010.

ERNOUF & COFFEY, P.C.
Attorneys for Plaintiff Boehm

_____
W. Sherman Ernouf
Alaska Bar # 9806026

LAW OFFICES OF
ERNOUF & COFFEY
A Professional
Corporation

2606 Eksma Circle
Suite 110
Anchorage, Alaska 99503

Phone: (907) 274-5366
Fax: (907) 274-4266

1

Exhibit A
Page 12 of 13 Pages

IN THE DISTRICT/SUPERIOR COURT FOR THE STATE OF ALASKA
AT ANCHORAGE

JOSEF C. BOEHM
_____
         Plaintiff(s),

vs.

DAVID KENNER and
THE KENNER LAW FIRM, APC
_____
         Defendant(s).

CASE NO. 3AN-10-7257 CI

SUMMONS AND
NOTICE TO BOTH PARTIES
OF JUDICIAL ASSIGNMENT

To Defendant: THE KENNER LAW FIRM

You are hereby summoned and required to file with the court a written answer to the complaint which accompanies this summons. Your answer must be filed with the court at 825 W. 4th Ave., Anchorage, Alaska 99501 within 20 days* after the day you receive this summons. In addition, a copy of your answer must be sent to the plaintiff's attorney or plaintiff (if unrepresented) Sherman Ernouf, whose address is: 3000 Rhone Circle Suite 110, Anchorage, Alaska 99508.

If you fail to file your answer within the required time, a default judgment may be entered against you for the relief demanded in the complaint.

If you are not represented by an attorney, you must inform the court and all other parties in this case, in writing, of your current mailing address and any future changes to your mailing address and telephone number. You may use court form *Notice of Change of Address / Telephone Number* (TF-955), available at the clerk's office or on the court system's website at www.state.ak.us/courts/forms.htm , to inform the court. - OR - If you have an attorney, the attorney must comply with Alaska R. Civ. P. 5(i).

### NOTICE OF JUDICIAL ASSIGNMENT

TO: Plaintiff and Defendant

You are hereby given notice that:

[X] This case has been assigned to Superior Court Judge McKay
    and Master _____.

[ ] This case has been assigned to District Court Judge _____.

CLERK OF COURT

Date: 5/6/2010

By: _____
       Deputy Clerk

I certify that on _____ a copy of this Summons was [ ] mailed [X] given to
[ ] plaintiff  [X] plaintiff's counsel along with a copy of the
[ ] Domestic Relations Procedural Order  [ ] Civil Pre-Trial Order
to serve on the defendant with the summons.
Deputy Clerk _____

Exhibit A
Page 13 of 13 Pages

* The State or a state officer or agency named as a defendant has 40 days to file its answer. If you have been served with this summons outside the United States, you also have 40 days to file your answer.

CIV-100 ANCH (10/05)(st.3)
SUMMONS

Civil Rules 4, 5, 12, 42(c), 55

Case 3:10-cv-00107-HRH   Document 1-1   Filed 05/20/10   Page 13 of 13