Ronald A. Offret (Alaska Bar No. 7410096 )
Aglietti, Offret & Woofter
733 W. 4th Avenue, Suite 206
Anchorage, Alaska 99501
Telephone: (907) 279-8657
Facsimile: (907) 279-5534
Counsel for David Kenner and
The Kenner Law Firm, APC

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ALASKA

| | | |
|---|---|---|
| JOSEF F. BOEHM, | ) | CASE NO.: 3:10-cv-00107 HRH |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| DAVID KENNER, an individual | ) | MOTION TO DISMISS |
| and THE KENNER LAW FIRM, APC | ) | |
| A California Law Firm | ) | |
| | ) | |
| Defendants. | ) | |

## DEFENDANTS DAVID KENNER and THE KENNER LAW FIRM, APC'S MOTION TO DISMISS COMPLAINT

COME NOW the Defendants, **DAVID KENNER & THE KENNER LAW FIRM**, by and through their undersigned counsel, and file this, their Motion to Dismiss pursuant to Fed.R.Civ.P. 9(b) and 12(b)(6), respectfully moving this court to dismiss the entire Complaint.

# MEMORANDUM OF LAW IN SUPPORT OF MOTION TO DISMISS

## I. INTRODUCTION

Plaintiff, Josef F. Boehm, (hereinafter "Boehm"), has asserted claims against each Defendant for breach of a written contract for legal services, professional malpractice, fraud, fraud in the inducement, unjust enrichment, and breach of the implied covenant of good faith and fair dealing.

Each claim is based upon conclusory allegations that Kenner promised but failed to conduct certain evaluations, depositions, and other investigations that would have led to post-conviction relief, that those failures were indicative of a misrepresentations as to whether Mr. Kenner himself would handle all aspects of Mr. Boehm's case, whether Mr. Kenner was familiar with the areas of law and relief needed by Mr. Boehm, and whether Mr. Kenner could obtain a positive result for Mr. Boehm.

Plaintiff has failed to state causes of action (Fed.R.Civ.P. 12 (b)(6) and failed to properly allege common law fraud and fraudulent misrepresentation with the requisite particularity. Fed.R.Civ.P. 9(b). The allegations are conclusory and the damages indicated from the breach and fraud allegations are the same. Specifically, there is no description of the content of any statement specified in the complaint and there is not single description of where any of the alleged statements were made. Although Plaintiff was not required to attach the written contract between the parties, that contract would have shown that many of the alleged breaches are not addressed in the written contract executed by the parties and cannot aid to sustain a cause of action for breach. In addition, there are claims alleged that cannot be combined with a cause of

*Boehm v. Kenner, et al.*
Motion to Dismiss
Page 2 of 13

action for breach of a written contract.

## FACTS

Plaintiff pled guilty on November 22, 2004 to conspiring to provide crack cocaine to underage Anchorage and Mat-Sue teenagers in exchange for sexual favors. He also admitted to conspiring to commit the crime of sex trafficking of children. (See United States Attorney's Office District of Alaska Press Release dated November 22, 2004 and attached as Exhibit "A"). Under the terms of his plea agreement, Boehm was subject to a sentence of no less than eleven years without parole, forfeiture of his home, and restitution of $1.2 million dollars. He was indeed sentenced to 135 months in federal prison.

On May 6, 2006, Boehm retained The Kenner Law Firm to handle post-conviction relief matters involving alleged ineffective assistance of counsel and court error in the criminal case and civil law suits growing out of the criminal case. As acknowledged in the Complaint, but not attached, Boehm executed a retainer agreement with The Kenner Law Firm. (See Retainer Agreement attached as Exhibit "B"). Through Mr. Kenner, Plaintiff attempted to have his sentence vacated on the grounds that his plea was taken in the absence of results of neurological testing which would have verified his brain damage and shown that he did not understand the nature of the charges against him or the consequences of his plea, that the sentence was entered upon the wrong standard of proof, and that waivers of the right to appeal on collateral grounds were not made knowingly or willingly. (See Filings by The Kenner Law Firm attached as Composite Exhibit "C"). Obviously, the attempt failed.

*Boehm v. Kenner, et al.*
Motion to Dismiss
Page 3 of 13

Mr. Boehm's retainer agreement is almost entirely contrary to the allegations of the Complaint. Specifically:

1. The Complaint states that Mr. Kenner was to handle "all related civil litigations arising from alleged "victims" claims for damages.

In fact, the agreement states that "the firm" will handle "related civil litigation **as necessary to advance the post conviction work**" [Emphasis added].

2. The Complaint states that David Kenner assured Plaintiff that "he personally would prepare all necessary motions and would personally conduct all negotiations between the parties in these cases."

In fact, the agreement states: "It is agreed that **the Firm shall be entitled to delegate certain responsibilities** for discovery, legal research and briefing, witness interviewing, and other matters, to attorneys, law clerks, or legal assistants, and/or investigators or experts." [Emphasis added].

The agreement further states: "Hourly rates, if required pursuant to any provisions of this agreement are David E. Kenner, Nine Hundred dollars ($900.00); Associates Two Hundred Fifty Dollars ($250.00) portal to portal. Hourly fees for James Blatt of the Law Offices of James Blatt are Nine Hundred Dollars per hour."

3. The Complaint states that Kenner breached the agreement by failing to "conduct agreed upon investigation including failure to interview and depose numbers [sic] Government witnesses, adverse witnesses, and potential defense witnesses expressly requested by Plaintiff and agreed to by Defendants."

*Boehm v. Kenner, et al.*
Motion to Dismiss
Page 4 of 13

In fact, the agreement states: "...the Firm shall be entitled to make and effectuate all decisions relating to strategy and the conduct of the case after consultation with the Clients." The agreement further states: "This contract embodies the entire agreement of the parties hereto...terms and conditions and stipulations hereof shall not be modified or revoked unless by written agreement signed by all parties and attached hereto and made a part hereof."

4. The Complaint states that Kenner caused Boehm's damage of his fees and continued incarceration.

In fact, the agreement states that, "the **firm has made no representation concerning the successful determination of the claim or claims** relating to the matter in controversy or the favorable outcome of any litigation which may occur."

In short, the Complaint is littered with outright falsehoods about the parameters of the relationship between Plaintiff and the Defendants. Finally, no where in the Complaint does Boehm allege that he obtained other post-conviction relief or that he is innocent of the crimes of which he was convicted, and this Court should take judicial notice of its own docket in case No. A04-003CR (JWS). Specifically, Boehm's post-conviction relief was not denied due to the clerk's notices of filing errors involving the method by which certain attachments were electronically filed.

## II. LAW AND DISCUSSION

### A. Motion to Dismiss Standard

A motion to dismiss for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b) (6) tests the legally sufficiency of claims in the complaint. All material

*Boehm v. Kenner, et al.*
Motion to Dismiss
Page 5 of 13

allegations are taken as true, except that a court is not required to accept conclusory allegations or accept unreasonable inferences. However, a court may consider evidence extraneous to the Complaint, if it chooses to treat a Motion to Dismiss as a Motion for Summary Judgment pursuant to Federal Rules 12 (d) and 56. In the matter at hand, Defendants urge that this Motion to Dismiss should be treated as such given the bold and voluminous misrepresentations set forth in the Complaint.

**B.  Claim for Professional Criminal Legal Malpractice Must be Dismissed: Plaintiff has failed to allege that he obtained post-conviction relief and his guilt is a complete defense for the Defendants.**

Ordinarily, a claim for professional malpractice against an attorney must satisfy these elements:

 1) The duty of the attorney to use such skill, prudence, and diligence as other attorneys commonly possess and exercise;

 2) A breach of that duty;

 3) Proximate cause between the negligent conduct and the resulting injury;

 4) Actual loss or damage resulting from the breach.

*Doe v. Hughes, Thorness, Gantz, Powell & Brundin*, 838 P.2d 804 (Alaska, 1992); *Belland v. O.K. Lumber Co.*, 797 P.2d 638, 640 (Alaska, 1990). However, in a malpractice suit involving a criminal defense, the malpractice Plaintiff must plead that he has obtained post-conviction relief, as the claim does not accrue until that point in time. *Shaw v. State, Dep't of Admin. Pub. Defender Agency*, 816 P.2d 1358 (Alaska 1991); *Haynes v. McComb*, 147 P.3d 700, 701 n. 1

(Alaska 2006). In fact, in an unreported opinion, this Court has specifically held that this same element applies where the attorney sued was hired to handle post-conviction collateral attack matters as is the case here. *Long v. Darmer*, 2008 WL 5000160 (D. Alaska 2008). *Shaw*, at 1361, set forth the public policy reasons for requiring post-conviction relief prior to a suit for malpractice; 1) promotion of judicial economy because many post-conviction relief issues will be duplicated in a malpractice action 2) where post-conviction relief is denied, collateral estoppel will eliminate frivolous malpractice actions 3) prioritization of post-conviction relief conserves judicial resources 4) it aids in determination of whether the statute of limitations bars the action 5) some incarcerated persons are over-litigious 6) the attorney may be forced to reveal information harmful to a client who has a legitimate basis for post-conviction relief 7) a criminal defendant with a valid post-conviction relief claim should be able to pursue that remedy without the distraction of also filing a legal malpractice action. This Court found the same considerations hold true when the attorney accused of malpractice was hired to handle collateral relief issues, as 28 U.S.C.§ 2255 (h) provides a procedure for requesting authorization from the Ninth Circuit to file a successive motion under 28 U.S.C. § 2255.

In the case at bar, Plaintiff has neither pled that he obtained post-conviction relief (public record shows that subsequent attempts were denied) or that he is innocent of the crime of which he was convicted. Thus, it appears that as a matter of law in the state of Alaska, a claim for malpractice relief has not been stated.[1] Finally, Plaintiff's admitted guilt stands as an absolute

---

[1] In *Long*, this Court also noted that even if the plaintiff in that malpractice action could prove a breach of the duty of care, he could not prove that but for the negligent conduct, he would not have been convicted, because collateral estoppel would bar him from proving

*Boehm v. Kenner, et al.*
Motion to Dismiss
Page 7 of 13

defense to the cause of action.

C. **Plaintiff has failed to plead unjust enrichment.**

Under the law of Alaska, a claim for unjust enrichment is a "quasi-contract" or "implied in law" contract which does not depend upon any actual contract or agreement between the parties, objective or subjective. *Alaska Sales and Serv., Inc. v. Millet*, 735 P.2d 743, 746 (Alaska 1987). Moreover, it is not a theory of recovery, put rather a prerequisite to enforcing restitution. Id. The elements are as follows:

1) A benefit conferred upon the Defendant by the Plaintiff.

2) Appreciation of the benefit; and

3) Acceptance and retention of the benefit under such circumstances that it would be inequitable for him to retain the benefit without paying the value thereof.

There is no question that Plaintiff paid the Defendant sums under the contract for the work that was done and that those sums were retained. However, this scenario does not meet the quintessential requirement of unjust enrichment, that the defendant receive "something for nothing" or a "windfall." *Alaska Sales and Services, Inc. v. Millet*, 735 P.2d 743 (Alaska 1987). Rather, under *Millet*, it is clear that where a party has received only what they were entitled to contractually, a cause of action for unjust enrichment will not stand. Here, The Kenner Law Firm received legal fees in exchange for work that was actually performed. The fact that Plaintiff did not prevail in his criminal case does not change the nature of payment received. The contract for services states on its face that no promise is made as to the outcome of any case, and particularly

---

causation and damage. The same is true here.

with regard to a criminal defense, no attorney could have promised Plaintiff a successful outcome. The count must be dismissed.

**D.     Boehm has failed to plead the elements of fraud and fraud in the inducement with the requisite particularity of Fed.R.Civ.P. 9(b).**

The elements of misrepresentation are (1) false representation of fact (2) knowledge of falsity (3) intention to induce reliance (4) justifiable reliance, and (5) damages. *City of Fairbanks v. Amoco Chem. Co.*, 952 P.2d 1173 (Alaska, 1998). Rule 9(b) of the Federal Rules of Civil Procedure provides as follows:

> In all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity.

Plaintiff's counts for fraudulent misrepresentation (fraud and fraud in the inducement) are fatally flawed. Both the general allegations and the allegations set forth in the counts are lacking in the requisite particularity. Specifically, neither the general allegations or the allegations in the fraudulent misrepresentation counts identify a single statement that is not negated by the parties' agreement for legal services. Furthermore, the allegations fail to identify where and when the specific statements or omissions were made, or indicate how the plaintiff was misled given the contents of the parties' agreement. Moreover, in spite of the fact that the agreement negates all of the alleged misrepresentations, there is no explanation whatsoever as to how, in light of said agreement, Plaintiff would have justifiably relied on preceding contrary statements. Again, the counts must fail.

**C.     Any claim between these parties must sound in contract, as there is no allegation**

*Boehm v. Kenner, et al.*
Motion to Dismiss
Page 9 of 13

**that Defendants have breached a duty imposed by law: Counts for fraud, fraud in the inducement, and breach of covenant of good faith and fair dealing must be dismissed.**

As shown by the Plaintiff's complaint, the relationship between Plaintiff and the Defendant law firm is based upon an express contract. As listed above and shown by the exhibit to the Complaint (the parties' agreement), the alleged breaches of contract, breaches of the covenant of good faith and fair dealing, and alleged fraudulent inducements directly contradict the terms of the retainer agreement. (Fed. Rules of Civ. P. 10, a written instrument attached to the pleading is a part of the pleading for all purposes). The damages pled are the fees paid on the contract. In fact, other than the fees paid, the only other alleged damage is continued incarceration of a Plaintiff who does not deny his guilt, but rather only denies whether he was capable of understanding his plea deal, an argument that this Court soundly rejected.

Promises set forth in a contract must be enforced by an action on that contract. *Alaska Pacific Assur. Co. v. Collins*, 794 P.2d 936 (Alaska 1990). Alaska does not allow tort recovery for breach of the covenant of good faith and fair dealing implied in employment contracts unless the breach rises to the level of traditionally recognized tort such as infliction of emotional distress. *ARCO Alaska, Inc. v. Akers*, 753 P.2d 1150, 1154 (Alaska, 1988). Alaska's Supreme Court has stated that any other position would "disrupt the certainty of commercial transactions and allow parties to escape contractual allocation of losses." *State of Alaska v. Transamerica Premier Insurance Company*, 856 P.2d 766 (Alaska, 1993). Here, the plaintiff has pled nothing but allegations of promises occurring prior to entry into the parties' agreement and which are contrary to the terms of the executed agreement, an agreement which specifically states that it is

the entire understanding between the parties and that no alterations can be made but in writing and signed by all parties. Even with regard to the civil matters which grew out of the criminal matter, the parties' executed agreement states that civil matters will be handled only to the extent necessary to assist in obtaining post-conviction relief. In other words, it was clear on the face of the agreement, that the parties understood that the primary goal of the relationship was to obtain post-conviction relief, and that success at same was in no way guaranteed. Thus, as an example in the case of *Jarvis v. Ensminger*, 134 P.3d 353 (Alaska 2006), the court stated that a failure to pay wages under an employment contract or a failure to tender goods would not give rise to a tort claim.

While Alaska does impose an independent duty to refrain from misrepresentation (*City of Fairbanks v. Amoco Chem. Co.*, 952 P.2d 1173 (Alaska, 1998)[2], not only is every misrepresentation alleged in the Complaint negated by the exhibit thereto (a contract executed by the Plaintiff himself), but the contract specifically negates the elements of intention to induce reliance and justifiable reliance. The count must be dismissed.

D. **Plaintiff has failed to bring its fraud claims within the Statute of Limitations**

Under *Bauman v. Day*, 892 P.2d 817, 825 (Alaska 1995), claims for fraud and misrepresentation are tort claims and subject to the two-year statute of limitations. Not withstanding the fact that Plaintiff's allegations regarding misrepresentations are negated on the face of the parties' agreement, Plaintiff has pled that Mr. Kenner made misrepresentations to him

---

[2]The elements are (1) false representation of fact (2) knowledge of falsity (3) intention to induce reliance (4) justifiable reliance, and (5) damages.

*Boehm v. Kenner, et al.*
Motion to Dismiss
Page 11 of 13

sometime prior to his entry into the retainer agreement with Mr. Kenner on May 6, 2006. Mr. Kenner filed the initial motion for post-conviction relief of which Plaintiff complains on May 24, 2007 and the supporting memorandum of law one day later. Thus, Plaintiff should have known of the basis for the filing and the alleged misrepresentations in or about May or June of 2007. Plaintiff filed his suit on May 6, 2010. The claim was filed out of time and must be dismissed.

### III. CONCLUSION

**WHEREFORE**, Defendants, **DAVID KENNER & THE KENNER LAW FIRM**, pray that based upon the foregoing, this Court dismiss the complaint, and grant attorneys fees to Defendants pursuant to the parties' contract, as well as granting such other and further relief as deemed just and reasonable under the circumstances.

Dated at Anchorage, Alaska this 25th day of May, 2010.

26

Aglietti, Offret & Woofter
Attorneys for Defendants

Ronald Offret # 7410096
733 W. 4th Avenue, Suite 206
Anchorage, AK 99501
Phone: (907) 279-8657

*Boehm v. Kenner, et al.*
Motion to Dismiss
Page 12 of 13

## CERTIFICATE OF SERVICE

**IT IS HEREBY CERTIFIED** that a true and correct copy of foregoing was served via United States Mail and the ECM/ECF system, on May 26, 2010, on all counsel or parties of record as follows:

W. Sherman Ernouf
3606 Rhone Clr. #110
Anchorage, AK 99508

*Ronald a. Offret*

*Boehm v. Kenner, et al.*
Motion to Dismiss
Page 13 of 13