W. Sherman Ernouf, Esq.
3606 Rhone Circle, Ste. 110
Anchorage, AK 99508
sernouf@eclawfirm.net
Tel (907) 274-3385
Fax (907) 274-4258
Attorney for Plaintiff

**IN THE UNITED STATES DISTRICT COURT
FOR THE STATE OF ALASKA**

| | |
|---|---|
| JOSEF F. BOEHM )<br>)<br>    Plaintiff, )<br>)<br>vs. )<br>)<br>DAVID KENNER and )<br>THE KENNER LAW FIRM, APC )<br>)<br>    Defendant. )<br>_____) | Case No. 3:10-CV-00107 HRH |

**AMENDED COMPLAINT**

COMES NOW, by and through his counsel The Law Offices of Ernouf & Coffey, P.C., Josef F. Boehm, and for cause of action against the Defendants, alleges and states as follows:

**BACKGROUND**

1) Josef F. Boehm maintains permanent legal residence at 2192 Viking Drive, Anchorage, Alaska 99501.

2) The Kenner Law Firm, APC, maintains a legal business at 16633 Ventura Blvd #800, Encino, California 91436.

1

3) David Kenner practices law and maintains a business presence at 16633 Ventura Blvd., #800, Encino, California 91436.

4) On or about May 6, 2006, Plaintiff entered into an "Agreement for Legal Services", Exhibit A, with Defendants which required Defendant David Kenner to perform legal services as to: a) Criminal case No. A04-003CR (JWS); b) all post conviction relief with respect to the filing of habeas corpus civil litigation under 28 U.S.C. § 2255 and necessary appeals; and c) all related civil litigations arising from alleged "victims" claims for damages.

5) On or about March 24, 2009 Defendants filed a Motion for Certificate of Appealability on Plaintiff's behalf in case number A04-0003-01-CR (JWS). This motion was subsequently denied, and Defedendants' representation of Plaintiff was thereafter terminated.

## JURISDICTION

6) This Court has jurisdiction pursuant to 28 U.S.C. § 1332.

## COUNT I

## FRAUD

Plaintiff for his first cause of action against Defendants adopts paragraphs 1-6 above as fully as if set forth in their entirety and further mentions:

7) Defendants solicited Plaintiff's business and contractual agreement based upon false misrepresentations of material fact as to the scope and success of their future representation, including:

2

a) before entering the written agreement, Defendant Kenner assured Plaintiff he would work diligently and aggressively for Plaintiff, but failed to perform these promises after entering the written agreement.

b) Before entering the written agreement, Defendants assured Plaintiff that significant amounts of time would be dedicated to Plaintiff in pursuit of post-conviction relief and defense of civil claims. Defendants instead dedicated significant amounts of time to other clients, including a case involving the Hell's Angels motorcycle club.

c) Before entering the written agreement, Defendants assured Plaintiff that there was a high probability of success in his post-conviction relief and defense of civil claims.

8) During the parties' relationship Defendants continually reassured Plaintiff as to the promises made prior to entering the written agreement, to wit that Defendants were working diligently and aggressively for Plaintiff, that Defendants were dedicating large amounts of time to Plaintiff, and that there was a high probability of success.

9) Defendants billed Plaintiff "flat fee" retainers for work they promised to perform.

10) Defendants never provided Plaintiff with any billing statement or other accounting summary to substantiate the amount of time spent on Plaintiff's behalf that would justify retention of the "flat fee" retainers.

11) Defendants selectively and intentionally provided Plaintiff with incomplete information regarding the progress of Plaintiff's post-conviction relief and defense of civil claims, knowing that Plaintiff is otherwise unable to apprise himself of the progress.

12) Defendants intentionally deceived Plaintiff in regards to the meaning and impact of a summary judgment ruling against Plaintiff in Purser v. Boehm, 3:05-CV-00085-JKS.

13) Only after Defendants' representation of Plaintiff ended was Plaintiff able to ascertain the true nature of Defendants failures and misrepresentations to Plaintiff in regards to Defendants' progress.

14) Defendants knew that all assurances and promises made to Plaintiff to be false and further knew that it was deceptive to charge "flat fee" retainers for legal services. Defendants knowledge is illustrated by:

    a) Defendants' significant involvement with other cases, including the Hell's Angels Motorcycle Club,

    b) Defendants' personal knowledge of the amount of time he was dedicating to Plaintiff despite the amount of time he assured Plaintiff he was dedicating to Plaintiff.

    c) Defendants' failure to account to Plaintiff for any time spent working on Plaintiff's behalf.

15) Defendants made all assurances and promises to Plaintiff with the intent that Plaintiff rely thereon so as to obtain and retain Plaintiff as a client.

4

16) Plaintiff relied upon the misrepresentations of Defendants and agreed to engage Defendants as his attorney, and continued to engage Defendants regardless of the disclaimers contained in the parties' written agreement based upon Defendants reassurances and promises that substantial work was being completed and progress being made.

Wherefore Plaintiff suffered losses exceeding $1,000,000 in an amount to be determined at trial, including costs and attorney fees. In addition, Defendants' fraud and misrepresentation of material facts are especially egregious due to the fiduciary relationship between the parties and merit an award of punitive damages in an amount to proven at trial.

## COUNT II

## FRAUD IN THE INDUCEMENT

Plaintiff for his second cause of action against Defendants adopts paragraphs 1-16 above as fully as if set forth in their entirety and further mentions:

17) Defendants fraudulently solicited and induced the Plaintiff to assent to the terms of the contract between the parties which absent such fraud by the Defendants, Plaintiff never would have assented

18) Defendants made false representation of material facts, knowing that such communications with Plaintiff were false for the purpose of inducing Plaintiff to act and enter into a written contract.

19) Defendants offered to review Plaintiff's various case documents and then advised him after receiving the sum of $40,000.00, that they could and would raise and argue the issue of ineffective representation by prior counsel via a motion under 28 U.S.C. 2255; however, after inducing Plaintiff's signature on the agreement and receiving $1,000,000.00 in fees, Defendants failed to perform and refused to adequately argue the issues promised prior to payment.

20) Further, that after allegedly reviewing Plaintiff's prior court case documents at a cost of $40,000.00, paid in advance, Defendants suggested and agreed to interview and depose numerous witnesses in civil claims against Plaintiff, but wholly failed to conduct the agreed upon investigations even though Defendants received fee payment in excess of $1,000,000.00.

21) Defendants knew their representations to be false as illustrated in paragraph 14 above.

22) Defendants intended that Plaintiff rely upon their misrepresentations so as to obtain and retain Plaintiff as a client.

23) Plaintiff relied upon Defendant's misrepresentations by signing the agreement between the parties and by maintaining Defendants has his legal counsel.

24) Defendants' promised much to Plaintiff, delivered little, and so prejudiced the Plaintiff that he was in effect later forced to compromise legal claims because those attorneys substantially failed to prepare for civil trials and had to be replaced by other counsel.

6

Wherefore Plaintiff suffered losses exceeding $1,000,000 in an amount to be determined at trial, including costs and attorney fees. In addition, Defendants' fraud and misrepresentation of material facts are especially egregious due to the fiduciary relationship between the parties and merit an award of punitive damages in an amount to proven at trial.

## COUNT III

## BREACH OF CONTRACT

Plaintiff for his third cause of action against Defendant adopts paragraphs 1-24 above as fully as if set forth in their entirety and further mentions:

25) Defendant Kenner represented that he had extensive prior experience in representing clients in criminal cases involving the same laws and/or statutes Plaintiff was accused of violating and in the civil claims arising from these charges.

26) Defendant Kenner assured Plaintiff that he personally would prepare all necessary motions and would personally conduct all negotiations between the parties in these cases.

27) Defendant Kenner and his corporate entity breached the agreement between the parties in the following ways:

    a) failed to conduct an agreed upon investigation including failure to interview and depose numbers of Government witnesses, adverse

witnesses, and potential defense witnesses expressly requested by Plaintiff and agreed to by Defendants.

b)   failed to meet court imposed deadlines and failed to file court pleadings and motions in correct form as required by local rules.

c)   failed to timely oppose a Motion for Partial Summary Judgment in case number 3:05-CV-00085-JKS, resulting in summary judgment being entered against plaintiff.

d)   failed to adequately research the effective date of 18 U.S.C. § 1595 or to argue that any liability pursuant thereto must be based upon actions occurring after that statute's effective date, resulting in summary judgment on the issue of liability pursuant to 18 U.S.C. § 1595 being entered against Plaintiff in case number 3:05-CV-00085-JKS.

e)   collected $40,000.00 from Plaintiff in advance of the signing of the parties' written agreement for alleged document review, subsequently misrepresented the posture of both Plaintiff's criminal and civil cases including what issues would be raised so as to secure Plaintiff's assent to the contract, and then failed to credit the prior payment against Plaintiff's outstanding bill.

f)   failed to communicate with, return calls from, answer correspondence from Plaintiff and otherwise failed to be present at the Kenner Law Firm for extended periods (months) of time.

g)   waited until the last minute prior to the expiration of the unextendable deadline to prepare a necessary motion under 28 U.S.C.

8

2255 and did so without examining necessary court documents or alleging facts as known to Plaintiff.

h)  lied to Plaintiff about the posture and meaning of a "partial" summary judgment imposed in the civil case of Sally C. Purser.

i)  Defendants failed and refused to commence and perform basic, necessary discovery functions in both criminal and civil actions until an additional $250,000.00 was paid, placing Plaintiff at extreme disadvantage in the litigation, despite having received an initial payment of $340,000.00.

28)  Defendant Kenner drafted the parties agreement in its entirety and offered it for Plaintiff's signature on a take-it-or-leave-it basis, knowing that Plaintiff was desperate for representation in post conviction and civil matters.

29)  Plaintiff relied on Defendant Kenner's personal assurances and representations as to his personal involvement and competence regardless of the terms of the agreement provided by Defendants to Plaintiff.

Wherefore, as a direct result of Defendants' breach of the agreement between the parties, Plaintiff has been damaged in an amount exceeding $1,000,000.00 U.S. dollars including interest, costs, and attorney's fees, an exact amount to be proven at trial.

## COUNT IV

## NEGLIGENCE: PROFESSIONAL MALPRACTICE

Plaintiff for his fourth cause of action against Defendants adopts paragraphs 1-29 above as fully as if set forth in their entirety and further mentions:

30) Defendants are licensed attorneys within the State of California and/or other jurisdictions within the United States.

31) Defendants agreed to perform legal services within the State of Alaska in Federal and State Court on Plaintiff's behalf and thereby are subject to the Alaska Rules of Professional Conduct.

32) Defendants were employed by Plaintiff in their professional capacity as attorneys.

33) As such, Defendants had a duty to Plaintiff to perform such duties in a reasonable and professional manner.

34) Defendants breached their duty owed to Plaintiff as enunciated in Paragraphs 1-33 above.

Wherefore, Defendants breach of their duty to Plaintiff have caused Plaintiff damages in an amount exceeding $1,000,000.00 U.S. dollars, including interest, costs, and attorney's fees, an exact amount to be proven at trial.

## COUNT V

## UNJUST ENRICHMENT

Plaintiff for fifth cause of action against Defendants adopts paragraphs 1-34 above as fully as if set forth in their entirety and further mentions:

35) That there exists between the parties a failure and inadequacy of consideration in that although Plaintiff performed via full payment, Defendants failed to perform their obligations in violation of the basic underlying substance of the parties agreement.

36) Plaintiff fully performed pursuant to the parties' agreement by paying Defendants the sums demanded in the agreement.

37) Defendants failed to perform by not performing pursuant to the parties agreement or Defendants' personal assurances of performance.

38) Defendants never performed the over 1,100 hours of work required to retain the money Plaintiff paid to defendant pursuant to Defendants' hourly rate of $900 as stated in the written agreement.

39) Defendants' failures to perform serve to totally defeat the original objectives of the contract and have unjustly enriched Defendant.

40) Even after Plaintiff's payment of over $1,040,000.00, Defendants failed to actively participate in timely fashion in the progress and development of Plaintiffs' post conviction and habeas corpus claims, and his civil litigation lawsuits.

41) Defendants fraudulent and bad-faith failure to perform in their representation of Plaintiff have unjustly enriched Defendants and are a clear breach of Plaintiff's rights under the contract.

Wherefore, Plaintiff moves that the contract be voided, a decree of rescission entered, judgment granted in an amount exceeding $1,040,000.00 plus all applicable costs, interest, and attorneys fees, an exact amount to be proven at trial.

## COUNT VI

## BREACH OF THE IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING

Plaintiff for his sixth cause of action against Defendants adopts paragraphs 1-41 above as fully as if set forth in their entirety and further mentions:

42) That he adopt by reference Counts I-V, paragraphs 1-41 as full as if set forth in their entirety.

43) Each count above is a breach of the covenant of good faith and fair dealing, present in every contract to be performed in Alaska

44) Defendants further breached their fiduciary obligation of fair dealing in that Plaintiff relied upon the superior knowledge of Defendants and placed confidence in Defendants to act in his best interest and not act against his welfare.

45) That Defendants took unfair advantage in the transactions between the parties by using the fiduciary relationship to exert influence over Plaintiff in

12

violation of the trust justifiably placed in Defendants in order to receive an unnatural disposition from Plaintiff.

46) The Plaintiff has been damaged by Defendants' abuse of the fiduciary relationship between the parties in the amount of $1,040,000.00.

47) That the deception employed by Defendants merits a jury finding of punitive damages in the amount of $3,120,000.00 in order to deter similar future misconduct by the attorney and his corporate entity.

Wherefore, Plaintiff requests judgment in an amount exceeding $1,000,000.00, punitive damages in an amount set by the jury, reasonable attorney's fees, all applicable interest, and the cost of bringing this action.

DATED at Anchorage, Alaska this 14 day of June 2010.

The Law Offices of Ernouf & Coffey, PC


s/ W. Sherman Ernouf
3606 Rhone Circle Suite 110
Anchorage, Alaska 99508
Phone: (907) 274-3385
Fax: (907) 274-4258
E-mail: sernouf@eclawfirm.net
Alaska Bar No. 9806026

**CERTIFICATE OF SERVICE**

I hereby certify that on this 14 day of June, 2010, a copy of the foregoing was served electronically on Ronald A. Offret, Esq.

W. Sherman Ernouf, Esq.
3606 Rhone Circle, Ste. 110
Anchorage, AK 99508
sernouf@eclawfirm.net
Tel (907) 274-3385
Fax (907) 274-4258
Attorney for Plaintiff

## IN THE UNITED STATES DISTRICT COURT
## DISTRICT OF ALASKA

| | |
|---|---|
| JOSEF F. BOEHM )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>DAVID KENNER and )<br>THE KENNER LAW FIRM, APC )<br>)<br>Defendant. )<br>_____) | Case No. 3:10-CV-00107 HRH |

### **REQUEST FOR JURY TRIAL**

COMES NOW the Plaintiff, Josef F. Boehm, by and through his attorneys of record, the Law Offices of Ernouf & Coffey, P.C., and pursuant to Rule 38 of the Rules of Civil Procedure, hereby demands a trial by jury on all issues presented in Plaintiff's Complaint.

DATED at Anchorage, Alaska this 14 day of June 2010.

The Law Offices of Ernouf & Coffey, PC


s/ W. Sherman Ernouf
3606 Rhone Circle Suite 110
Anchorage, Alaska 99508
Phone: (907) 274-3385
Fax: (907) 274-4258

14

E-mail: sernouf@eclawfirm.net
Alaska Bar No. 9806026

**CERTIFICATE OF SERVICE**

I hereby certify that on this 14 day of June, 2010, a copy of the foregoing was served electronically and by facsimile to Ronald A. Offret, Esq.