Ronald A. Offret #7410096
AGLIETTI, OFFRET & WOOFTER
733 W 4th Avenue, Suite 206
Anchorage, AK 99501
Phone:        907-279-8657
Facsimile:    907-279-5534
Attorneys for DEFENDANTS
DAVID KENNER & KENNER
LAW FIRM, APC

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ALASKA

JOSEF F. BOEHM,                                  )
                                                 )
         Plaintiff,                              )
                                                 )
vs.                                              )
                                                 )
DAVID KENNER, an individual                      )
and THE KENNER LAW FIRM, APC                     )
A California Law Firm                            )
                                                 )
         Defendants.                             ) Case No: 3:10-cv-00107 HRH

**MOTION FOR SANCTIONS, INCLUDING STRIKING OF
PLEADINGS/DISMISSAL, PURSUANT TO FEDERAL RULES 30 AND 37 AND
FOR FAILURE OF PLAINTIFF TO APPEAR AT DEPOSITION
BY
DEFENDANTS DAVID KENNER and THE KENNER LAW FIRM, APC'S**

COME NOW the Defendants, **DAVID KENNER & THE KENNER LAW
FIRM**, by and through their undersigned counsel, and file this, their Motion for
Sanctions, Including Striking of Pleadings/Dismissal, Pursuant to Federal Rules 30 and
37, and for Failure of Plaintiff to Appear at Deposition, and in support thereof, state as
follows:

**1** | Motion to Dismiss by Defendants
    | 3:10-cv-00107 HRH

# MEMORANDUM OF LAW IN SUPPORT
## OF MOTION FACTUAL SUMMARY

## A. INTRODUCTION

Plaintiff, Josef F. Boehm, (hereinafter "Boehm"), has asserted claims against each Defendant for fraud, fraud in the inducement, breach of contract, professional malpractice (as to civil litigation), unjust enrichment, and breach of the implied covenant of good faith and fair dealing. During the course of this matter, Mr. Boehm's deposition has been scheduled and cancelled by counsel for the Plaintiff five times. Four times, the Texas Bureau of Prisons has set aside room for the video-taped deposition of Mr. Boehm, and four times, counsel for Defendants and Defendants have set aside time in their schedules to travel and made travel arrangements to attend a deposition in Texas that did not occur. Our last scheduled deposition in Texas was set for August 15th and 16th, 2012, plane tickets had been purchased, hotel rooms reserved, and two days prior to travel commencing, Plaintiff fired his counsel, which Defendants verily believe was just another ploy to avoid being deposed. Additionally, on one occasion, a deposition was scheduled to take place at the Federal Medical Facility at Butner, North Carolina which was also canceled at Plaintiff's insistence. Since those four schedulings, Plaintiff has engaged in a clear pattern of avoidance as detailed below. Defendants seek to have his pleadings struck for failure to appear at deposition.

## B. HISTORY REGARDING THE TAKING OF BOEHM'S
## DEPOSITION AND OTHER AVOIDANCE OF DISCOVERY

Defendants first requested to take the deposition of Boehm in December, 2010. However, Plaintiff's counsel indicated that this would be too early, and the parties

agreed to an original close of discovery for March, 2011. Plaintiff's deposition was first noticed for May 5th and 6th, 2011, after numerous phone messages and several e-mails requesting dates went unanswered. (See DE 30).

Thereafter, having not responded to counsel previously, Plaintiff's counsel filed opposition to the request for a Court order to take the deposition at the Texas prison where Boehm was incarcerated, stating that since the request was first made, counsel had new obligations. In response, Defendants withdrew their motion and filed a new motion requesting that the deposition be scheduled for July 12 and 13, 2011, giving the parties two months to make arrangements with the prison and for travel. On May 27, 2011, this Court issued the order setting the deposition on those dates. (See DE 32). Again, arrangements were made for the deposition.

Meanwhile, Defendants had served Plaintiff with a Request for Admissions in preparation for Plaintiff's deposition. The response to same was due by agreed extension on June 6, 2011, well before the scheduled deposition. Nonetheless, no response was forthcoming. Finally, on June 24, 2011, Defendants had no choice but to file a Motion to Deem the Request for Admissions admitted. Miraculously, the responses were served approximately one-half hour after the filing of the motion with this Court.

On July 6, 2011, six days prior to the scheduled deposition, Boehm filed a Motion for Protective Order as to certain matters, including the scope of the deposition and whether Defendant Kenner could take the deposition. Once again, Boehm

**3** Motion to Dismiss by Defendants
3:10-cv-00107 HRH

succeeded in having his deposition put off, as the parties had to agree to continue same to await ruling on the motion.

After the Court ruled, the parties again set the deposition of Boehm for November 16, 2011. On or about November 10, 2011, counsel for Plaintiff first raised the issue that Boehm should have "priority" on the taking of the depositions of Mr. Kenner and Mr. Greenfield, and that he was withdrawing his approval of the taking of Boehm's deposition absent that priority, some four months after this Court first ordered that the Plaintiff's deposition be taken.

Defendant's counsel tried in earnest to work out the situation with Plaintiff's counsel, reminding Plaintiffs' counsel that Defendants had agreed to extend discovery to allow for the depositions of Kenner and Greenfield, and even sent a stipulation to Plaintiff in that regard. Defendants' counsel also reminded Plaintiff's counsel that he was choosing to back out of the deposition prior to a federal holiday, when it was conveniently too late to Defendants to seek an order on the issue. Discussions and e-mails on the issue were to no avail, and again the deposition was canceled. Ultimately, it appeared that the prison was on lock down at the time, but this was unknown at the time the dispute began. On December 12, 2011, this Court requested that the parties consult and certify readiness for Trial. The parties filed a series of reports in which Plaintiff did indicate that Boehm was receiving treatment for cancer, but did not suggest that this would preclude deposition from occurring. Plaintiff was at, sometime, transferred to the FCI Butner for medical treatment.

---

**4** | Motion to Dismiss by Defendants
3:10-cv-00107 HRH

After several months at FCI Butner, when it appeared Plaintiff's stay would be extended, Defendants again attempted to reset the deposition of Plaintiff to take place at the FCI Butner facility. Based on the representation of Plaintiff's counsel that Boehm was "designated" at FCI Butner for the purpose of treatment for prostate cancer, it was also represented that he would be amenable to having deposition be scheduled with a matter of a few weeks' notice to the prison, as he represented that Boehm would be remaining at FCI Butner.

On April 25, 2012, a list of comprehensive dates for depositions was forwarded to Boehm's counsel for review. This resulted in an e-mail that a response would be forthcoming the following day. No response was received until May 3, 2012, when Plaintiff's counsel suggested that the status of treatment was unconfirmed, and that a move back to Texas might be forthcoming. By May 23, 2012, Plaintiff's counsel claimed that he had still been unable to speak privately with his client and, as a result, the attempt to depose Boehm at FCI Butner was not consummated, as a move to Texas was then imminent (within a week). However, BOP Butner has confirmed that Boehm was still at their facility as of June 6, 2012.

Shortly after June 11, 2012, Boehm was in fact transferred back to Texas, again through calls and emails with Boehm's then counsel, a definitive deposition date of August 15th and 16th, 2012 were agreed upon. A motion was made to this Court and the dates were in fact approved. Defendants' Florida counsel flew to Los Angeles to prepare for the deposition meeting with Defendant for three days, which included reviewing files and correspondence. Defendant Kenner and his counsel all made plane

5 | Motion to Dismiss by Defendants
3:10-cv-00107 HRH

and hotel reservations, cleared their calendars and prepared to attend the deposition in August. Approximately 3-4 days prior to the deposition commencing, counsel received a Motion to Withdraw filed by Plaintiff Boehm's counsel. As a result of the withdrawal and Boehm's announced intention not to proceed absent counsel, the deposition was again canceled.

Defendants' filed a request with the Court to require Plaintiff to procure counsel within 20 days and Plaintiff, by letter, requested 90 days. The Court, clearly mindful of Boehm's incarcerated status, issued an Order granting Plaintiff 90 days to procure new counsel or to inform the Court of his intent to precede pro se. More than 90 more days have expired and Plaintiff has done neither.

Defendants have been and continue to be irrevocably prejudiced by Plaintiff's failure to present him for discovery or to litigate his case. Plaintiff has done virtually nothing to advance the litigation and has willfully thwarted Defendants in their efforts to defend themselves. Defendants' seek a terminating sanction dismissing the case for egregious failures to provide discovery by failure to appear at Plaintiff's own deposition and/or to prosecute his claim.

This Plaintiff has engaged in a pattern of avoidance of sitting for depositions and participating in discovery generally since 2010. This game of cat and mouse has left Defendants no closer to deposing Plaintiff today than they were when the case was filed.

## LAW AND DISCUSSION

Under Federal Rule of Civil Procedure 30 (d) (2), a court may impose appropriate sanctions, including reasonable expenses and fees incurred by a party on a person who impedes, delays, or frustrates the fair examination of a deponent. Under Rule 37, on motion, the Court may issue sanctions pursuant to Rule 37 (b)(2) (A)(I)-(vi) against a party who fails on notice to appear for his own deposition. Striking of pleadings or dismissal can be an appropriate sanction in this instance. *Socha v. Webber*, 11 F.R.D. 124 (D. Alaska 1951); *In re The Exxon Valdez*, 102 F.3d 429 (9th Cir. 1996). Dismissal is authorized only in extreme cases and where the violation is due to willfulness, bad faith, or fault of the party. *United States v. Kahaluu Const*., 857 F.2d 600, 603 (9th Cir. 1988). For example, in *Exxon Valdez*, where Court dismissed some of cases with prejudice as a discovery sanction, the Court noted a "virtual total refusal" by the appellant over three years to comply with its discovery obligations. In dismissing a case for failure to make discovery, a district court must consider five factors: (1) the public's interest in an expeditious resolution (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases and their merits; and (5) the availability of less drastic sanctions. The public has an interest in expeditious completion of the litigation, because behavior which interferes with same, interferes with sensible management of the court's docket. *Payne v. Exxon*, 121 F.3d 503 (9th Cir. 1997). It is appropriate to dismiss an action when a court has given a party ample opportunity to correct a discovery deficiency to no avail. *Malone v. United States Postal Service*, 833 F.2d 128 (9th Cir. 1987). Further, a court may

**7** | Motion to Dismiss by Defendants
3:10-cv-00107 HRH

properly consider all of a party's discovery misconduct in weighing a motion to dismiss. *Adriana Int'l Corp. V. Thoeren,* 913 F.2d 1406 (9th Cir. 1990), *cert. denied*, 498 U.S. 1109, 11 S.Ct. 1019, 112 L.Ed. 2d 1100 (1991).

In the matter at hand, the Plaintiff has clearly avoided the taking of his deposition for nearly three years, claiming scheduling conflicts, possible prejudice and/or embarrassment if Mr. Kenner or Mr. Entin took his deposition, and some invented right to priority of depositions. One of those attempts, occurring subsequent to an order for the deposition to take place in July, 2011 occurred so close to the deposition, that there was no choice but to put the deposition off. One cancellation occurred before a federal holiday, also causing an inability to obtain a ruling before the date of deposition. Finally, prior to the most recent deposition, he fired his counsel, and now has failed to timely comport with a Court Order to hire a new one. Plaintiff also failed to timely respond to a Request for Admissions, causing Defendants to file a Motion to Have Requests Deemed Admitted. The repeated delays have prejudiced Defendants in their efforts to obtain discovery before memories fade and witnesses possibly disappear. The refusal to participate appears calculated and willful in that it has been ongoing for a substantial period of time, and the criteria for obtaining Plaintiff's deposition seems to change each time the deposition approaches again. Plaintiff has sued these Defendants for a substantial sum and caused them to expend much in efforts and monies to attempt to litigate this case. Meanwhile, as discussed above, as time marches on, the memories of any witnesses which are revealed in the deposition of Plaintiff have faded. Defendants have already been prejudiced by this

long and deliberate delay. The factors supporting dismissal outweigh those supporting

resolution of cases on the merits.

## CONCLUSION

WHEREFORE, Defendants pray that their motion be granted in all respects, as

well as for such other and further relief as is deemed just and reasonable under the

circumstances.

Respectfully submitted,

Dated:_12/4/2012_____                    By:_/s/ Ronald A. Offret_____
                                              Ronald Offret, Bar #7410096
                                              733 West 4th Avenue, Suite 206
                                              Anchorage, AK 99501
                                              PH:    907-279-8657
                                              FAX:  907-279-8657


**CERTIFICATE OF SERVICE**

**IT IS HEREBY CERTIFIED** that on 12/4/2012 a true and correct copy of the
foregoing and attachments were served by the CM/ECF system; and
service was also made by regular U.S. Mail on:

Josef F. Boehm, Reg. No. 14887-006
Federal Correctional Institution
P.O. Box 9000
Seagoville, Texas 75159-9000

By: _/s/ Ronald A. Offret_