Tyler K. Firkins
Van Siclen, Stocks & Firkins
721 45th St. N.E.
Auburn, WA 98002
253-859-8899
FAX: 866-947-4646
tfirkins@vansiclen.com
Attorney for Plaintiff

UNITED STATES DISTRICT COURT
FOR THE STATE OF ALASKA

| | |
|---|---|
| JOSEF F. BOEHM,<br><br>        Plaintiff,<br><br>vs.<br><br>DAVID KENNER and THE KENNER LAW FIRM, APC,<br><br>        Defendant. | Case No. 3:10-CV-00107 HRH |

## SECOND AMENDED COMPLAINT

The Plaintiff, by and through his counsel, Tyler K. Firkins of Van Siclen, Stocks & Firkins, Josef F. Boehm, and for cause of action against the Defendants, alleges and states as follows:

## BACKGROUND

Josef F. Boehm maintains permanent legal residence at 2192 Viking Drive, Anchorage, Alaska 99501.

The Kenner Law Firm maintains a legal business at 16633 Ventura Blvd #800, Encino, California 91436.

David Kenner practices law and maintains a business presence at 16633 Ventura Blvd., #800, Encino, California 91436.

On or about May 6, 2006, Plaintiff entered into an "Agreement for Legal Services," Exhibit A, with Defendants which required Defendant David Kenner to perform legal services as to: a) Criminal Case No. A04-003CR (JWS); b) all post-conviction relief with respect to the filing of habeas corpus civil litigation under 28 USC § 2255 and necessary appeals; and c) all related civil litigations arising from alleged "victims" claims for damages.

On or about March 24, 2009 Defendants filed a Motion for Certificate of Appealability on Plaintiff's behalf in case number A04-0003-01-CR (JWS). This motion was subsequently denied, and Defendants' representation of Plaintiff was thereafter terminated.

## JURISDICTION

This Court has jurisdiction pursuant to 28 USC § 1332.

## COUNT I

### Breach of Contract

Plaintiff for his first cause of action against Defendants adopts the paragraphs above as if set forth in their entirety and further alleges:

Kenner agreed to work on a flat fee basis to perform all necessary work for the sum of $1,000,000.00. Said sum represented a significant fee. Despite a clear contract expressing that no further money would be required, defendants did demand additional sums of money of plaintiff.

Fearing that the defendant would not appropriately and zealously represent him, and given that very little work had been performed when the demands for payment were made, plaintiff Boehm paid additional sums to Kenner in the amounts of $200,000.00. In sworn testimony defendant David Kenner explained that the additional sums were asked for because the defendants "were getting killed" on the contract.

Demanding additional sums on a flat fee contract is particularly egregious because the plaintiff had already paid extraordinary sums, and he reasonably inferred that he would receive less than exemplary work from defendants if he did not pay the additional requested sums.

That the act of asking for and receiving additional funds for the same amount of work contemplated by the contract constitutes a breach of the flat fee agreement between plaintiff and the defendants.

## COUNT II

### Disgorgement of Unreasonable Fee

The defendants are always ethically obligated to charge a reasonable attorney fee under any construct of the ethical rules for attorneys. Here the defendants did not charge a reasonable fee for the actual work that was performed in both the criminal and civil cases.

As an example, many promises were made to the plaintiff that numerous depositions would be performed in the civil matters that could and would be used in the Section 2255 motion. In fact, only 5 depositions were ever taken. Most, if not all, of the depositions were performed after the Section 2255 motion was actually filed.

During the course of representing the plaintiff in one of the more significant civil cases, the defendants did very little work. No depositions were taken. No summary judgment motions were filed for Boehm. Despite the fact that the plaintiff's attorney in the civil lawsuit

against Mr. Boehm mainly relied upon a federal statute, no research was performed to learn that the statute's effective date would not have permitted a claim for more than 3 days, and that the evidence suggested that the plaintiff in the civil matter was incarcerated during the three days that she could have had a claim.

Additionally, the defendants missed various mundane disclosure and case scheduling dates, thereby failing to properly disclose witnesses and experts. While these errors were somewhat corrected, it is apparent from review of the pleadings that defendants merely reacted to the work being performed by the plaintiff and never once filed a motion for summary judgment to narrow the scope of the claims, or to significantly defend against the claim.

Because the defendants did little work in defense of the civil claims, Boehm was required to hire additional counsel at considerable expense to assist in the defense. Eventually the defendants were terminated from further work on the civil matters because of the lack of appropriate work being performed.

As a consequence, the fees charged by defendants were not reasonable, and the defendants should be compelled to disgorge that portion of the $1,200,000.00 paid to them that the jury determines was not reasonable in light of the limited extent and quality of the work actually performed.

## COUNT III

### Restitution based on Unjust Enrichment

Plaintiff, for his third cause of action against Defendants, adopts the paragraphs above as fully as if set forth in their entirety and further alleges:

Plaintiff conferred a benefit upon the defendants; to wit payment of $1,200,000.00. Defendants did appreciate the benefit by taking the money and keeping it. The defendants did

accept and retain the money under circumstances that make it inequitable for the defendants to retain the entire amounts paid to them by the plaintiff.

WHEREFORE, Plaintiff prays for judgment against defendants as follows:

1. For judgment against the defendants in an amount to be determined at trial;

2. For disgorgement of those fees paid that are not reasonable in an amount to be proven at trial;

3. For restitution of the sums paid to the defendants that are not reasonable in an amount to be determined at trial; and

4. For punitive damages, reasonable attorney's fees, all applicable interest, and the cost of bringing this action.

DATED this the 1st day of August, 2013.

VAN SICLEN, STOCKS & FIRKINS

/S/ TYLER K. FIRKINS

———————————————
Tyler K. Firkins, WSBA 20964
Attorney for plaintiff

The undersigned hereby declares under penalty of perjury under the laws of the United States of America that on August 1, 2013, he caused the foregoing to be served on all of the attorneys of record in this case via ECF.

DATED this 1st day of August, 2013 at Auburn, Washington.

/s/ Tyler K. Firkins
_____